I must respectfully dissent. The issue before this court is straightforward and relatively easy to understand. Prior to filing this action, the sheriff of Geauga County ran the only
"countywide public safety communication system" as defined by R.C.307.63 in Geauga County. There was no other countywide public safety communications system in operation anywhere in the county. The magistrate to whom this matter was referred more than one year ago recognized that obvious fact when he recommended, and this court found that:
 "`Clearly, the general purpose of R.C. 307.63(F) was to enable a board of county commissioners to maintain authority over a "preexisting" public safety communications system when the county sheriff had not previously exercised any control over the operation of the system. If this Court were to hold that the "employees" phrase was inapplicable to the "facilities" contingency, this purpose would be defeated.'" State ex rel. Simmons v. Geauga Cty. Dept. of Emergency Services (Dec. 8, 1997), Geauga App. No. 97-G-2079, unreported, at 7.
The majority has now chosen to decide, as a matter of law, that the Geauga County Commissioners in fact "ran" the county's public safety communications system by providing equipment and maintenance personnel for the 800 system. Such a tortured use of the English language would be analogous to suggesting that the United States Congress runs the U.S. Air Force since they own the F-16's.
To follow the reasoning to its logical conclusion, one could readily find, as a matter of law, that the Geauga County Commissioners run the coroner's office since they provide the instruments used to perform the autopsies. Surely no one would suggest that the duly elected coroner, a highly trained specialist, shares his responsibilities with the commissioners who coordinate where his office is located.
At the risk of belaboring the inquiry, can the majority's analysis now be utilized to suggest that the commissioners, and not the duly elected county engineer, run the highway department?
The State of Ohio, through its statutes has consistently divided responsibilities among various elected office holders according to their respective abilities to perform the tasks at hand. Thus, we have engineers, coroners, auditors, treasurers, and sheriffs each with a job to do.
This court is taking what I believe to be a dangerous step when it decides that public safety communications systems belong in the hands of politicians rather than duly-elected and trained safety forces. Such a finding, in my opinion, is contrary to Ohio law and creates a patently absurd result. In our earlier judgment entry, this court told the county commissioners to keep their hands off the sheriff's countywide communications system. Nothing in my mind has changed that interpretation of the Ohio Revised Code.
The sheriff's petition should be granted and he should be permitted to do the job he was elected to do without interference by unqualified, untrained, non-safety force personnel. ___________________________________ JUDGE WILLIAM M. O'NEILL